IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KENNETH RAY PITTS,                                                     PLAINTIFF
ADC #085938

v.                            2:23CV00084-DPM-JTK

TRACY BENNETT, et al.                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    INTRODUCTION**

Kenneth Ray Pitts ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Division of Correction. He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 3). Plaintiff sued APN Bennett, Doctor Gary Kerstein, ADC Medical Director Rory Griffin, and Warden Moses Jackson, Jr. (collectively, "Defendants") in their official capacities only alleging deliberate indifference to his serious medical needs. (Id.) Plaintiff also filed a Motion for Leave to Proceed in forma pauperis. (Doc. No. 1).

1

The Court has determined that Plaintiff is a "three-striker" under the Prison Litigation Reform Act ("PLRA"). As such, Plaintiff may proceed in forma pauperis only on those claims for which he has established imminent danger of serious physical harm. As explained below, Plaintiff has not shown that he was in imminent danger at the time he filed his Complaint, as supplemented. Moreover, Plaintiff's allegations fail to state a claim on which relief may be granted.

## II. SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a).[1] Additionally, the PLRA provides that:

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

### III. DISCUSSION

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs. The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII.

---

[2] See Pitts v. Moore, et al., 4:06cv01305-JLH (E.D. Ark.) (dismissed Sept. 22, 2006 for failure to state a claim) (no appeal filed); Pitts v. Johnson, et al., 5:99cv00071-JMM (E.D. Ark.) (dismissed May 11, 1999 for failure to state a claim) (aff'd on appeal Dec. 7, 1999); and Pitts v. Brownlee, et al., 5:99cv00178-HW (E.D. Ark.) (dismissed Sept. 7, 1999 for failure to state a claim) (no appeal filed).

This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

As explained below, Plaintiff not only falls short of establishing imminent danger, but his Complaint fails to state a claim on which relief may be granted.

### A. Official Capacity Claims

Plaintiff sued Defendants in their official capacities only; he seeks damages and injunctive relief. (Doc. No. 2 at 2, 4, 18). Plaintiff's official capacity claims against Defendants are the equivalent of claims against their employers. Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993).

4

### Defendants Griffin and Jackson

Plaintiff's official capacity claims against Defendants Griffin and Jackson are the equivalent of claims against the state of Arkansas. Plaintiff's damages claims against Defendants Griffin and Jackson are barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

The Eleventh Amendment does not, however, bar claims for prospective injunctive relief. McDaniel v. Precythe, 897 F.3d 946, 951-52 (8th Cir. 2018) (Ex Parte Young established state officials may be sued in official capacity for prospective injunctive relief) (citing Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)). Under Ex Parte Young, an individual may sue a state official in his official capacity for prospective injunctive relief to remedy ongoing violations of federal law. See Ex Parte Young, 209 U.S. 123, 149-50 (1908).

Assuming that Plaintiff seeks prospective injunctive relief, his official capacity claims against Defendants Griffin and Jackson nonetheless fail. "[T]o establish liability in [an] official-capacity suit under § 1983, [the] plaintiff must show, inter alia, that [an] official named in [the] suit took action pursuant to [an] unconstitutional governmental policy or custom[.]" Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006) (citing Nix v. Norman, 879 F.2d 429, 433 (8th Cir.1989)). Here, Plaintiff has not established that a policy or custom was the driving force behind the purported violation of his rights. As such, Plaintiff has neither established imminent danger of serious physical harm from Defendants Griffin and Jakcson in their official capacities nor stated a claim against them on which relief may be granted.

### Defendants Bennett and Kerstine

Plaintiff's official capacity claims against Defendants Bennett and Kerstine are the equivalent of claims against their employer. Sanders, 984 F.2d at 975-76. To succeed on an official capacity claim against that employer, Plaintiff would have had to plead that a policy or

custom of the employer was the driving force behind the violation of Plaintiff's rights. Id. Because Plaintiff has not established that any such policy or custom resulted in the violation of his rights, Plaintiff failed to establish imminent danger against Defendants Bennett and Kerstine in their official capacities and failed to state an official capacity claim against them on which relief may be granted.

### B. Exhaustion

Plaintiff acknowledged in his Complaint that he did not file a grievance or grievances presenting the facts set forth in his Complaint. (Doc. No. 2 at 3). As such, Plaintiff cannot proceed with this civil action at this time because he has not completed his administrative remedies. Under the PLRA, the courts shall dismiss an action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A. Exhaustion under the PLRA is mandatory. Jones v. Bock, 549 U.S. 199, 211 (2007). While failure to exhaust is an affirmative defense, when it is apparent from the face of the complaint that a plaintiff has failed to exhaust his administrative remedies the court may dismiss the pleading. Id. at 214-15. Such is the case here. Plaintiff in no uncertain terms indicated to the Court that he has not completed his administrative remedies. As such, Plaintiff's action should be dismissed.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

2. Plaintiff's Complaint (Doc. Nos. 2, 3) be DISMISSED without prejudice.

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $402.00 to the Clerk, noting the above case style and number, within

fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 17th day of April, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE